UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICKIE L. ECKERLE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART, Commissioner of<br>Social Security Administration,<br><br>　　　　　Defendant. | CASE NO.　**C05-5682FDB**<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 15, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff filed her application for disability insurance benefits on February 14, 2000, alleging an onset date of disability of April 16, 1999. She filed the appropriate appeals of subsequent denials of her claim, and a hearing was held before an administrative law judge (hereinafter ALJ) in Seattle, Washington on August 14, 2002. (Tr. 28). ALJ Arthur Joyner denied claimant's claim for Title II and XVI disability benefits in a decision dated October 3, 2002. (Tr. 15-27). Claimant requested review by the Appeals Council, which denied plaintiff's request for review on August 29, 2003. (Tr. 5-6).

Plaintiff filed an appeal in the U.S. District Court for the Western District of Washington (CV

03-5504-FDB). On 1/29/04, the parties agreed that the matter should be remanded for additional administrative proceedings (Tr. 437-39). Judge Burgess issued an order remanding the matter pursuant to sentence four of 42 U.S.C §405g. (Tr. 436).

On January 9, 2003, plaintiff filed a second application for benefits (Tr. 556-558). This application went through the usual procedural hoops, and eventually was consolidated for hearing with the matter remanded from federal court. Hearing was held before ALJ Thomas Tielens on 10/5/04. On January 3, 2005, ALJ Tielens issued an Unfavorable Decision finding plaintiff not disabled. (Tr. 400-412). Plaintiff again appealed to the Appeals Council. On August 21, 2005, the Appeals Council issued a decision denying plaintiff's request for review, making ALJ Tielens' decision the final decision of the Commissioner. (Tr. 375).

On October 18, 2005, Plaintiff filed a new complaint with this court challenging the denial of his applications for benefits. Specifically, plaintiff contends: (1) the ALJ failed to properly develop the medical record; (2) the ALJ failed to find that sarcoidosis was a severe condition; (3) the ALJ failed to provide adequate reasons for rejecting Plaintiff's subjective symptom testimony, the lay witness statements, and the medical opinion from Dr. Barker; and (4) the ALJ improperly relied on incomplete testimony from the vocational expert. Defendant counter-argues that the ALJ applied proper legal standards and the ALJ's findings and conclusions are properly supported by substantial evidence in the record.

DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

A. THE ALJ PROPERLY ASSESSED THE MEDICAL OPINION EVIDENCE

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226,

1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, the ALJ properly reviewed and analyzed the medical evidence.  On stipulated remand from the court, the parties had agreed that the administration needed to further review the medical evidence and ALJ Tielens' decision reflects this directive.  ALJ Tielens' specifically noted medical records from 1991 through September 2004 in his written opinion.  In detail the ALJ summarized many of the physicians' opinions and discussed the severity of Ms. Eckerle's impairments in light of those opinions.  The ALJ concluded that Ms. Eckerle suffered from the following "severe" impairments: degenerative disc disease, degenerative joint disease of the hip and knee, carpal tunnel syndrome with release surgery, asthma, obesity, depression, and a borderline personality disorder.  The ALJ specifically evaluated whether or not Ms. Eckerle's impairments and limitations met the requirements of sections 1.02, 1.04, 3.03, 12.04, and 12.08 of the Medical Listings, which would presumptively entitle her to benefits.

Plaintiff contends the ALJ failed to properly consider her sarcoidosis a "severe" impairment, misquoted Dr. Barker regarding the impact of her sarcoidosis, and "failed to address Dr. Barker's opinion at all" (Plaintiff's Opening Brief at 21).  Moreover, Plaintiff argues the court should credit Dr. Barker's as true. Id. at 22.

A review of the ALJ's decision does not support Plaintiff's position.  The ALJ adequately reviewed Dr. Barker's medical records, evidenced by the notation the ALJ made of Dr. Barker's opinion on September 13, 2004, that the claimant's sarcoidosis was not limiting.  Tr. 405.  Moreover, the ALJ relied

REPORT AND RECOMMENDATION
Page - 3

also on Dr. Steinberg, who indicated that Ms. Eckerle's sarcoidosis was not active.  The ALJ wrote the following:

> The undersigned has determined, based on a review of all the evidence, including testimony at the hearing, that the claimant's sarcoidosis is not severe within the ambit of the Regulations.  The claimant was diagnosed with sarcoidosis in 1994 during sinus surgery.  Since 1994 she has had one episode of nosebleed, stopped by pressure, and has never been on steroid therapy for this condition (Exhibit 21F: 19).  In November 2002, a lumbar MRI showed numerous lytic lesions, which oncologist Lewis Steinberg determined were due to her asymptomatic sarcoidosis, and were not evidence of metatstatic cancer (Exhibits B-4F-B-6F).  Alan F. Barker, M.D., opined on September 13, 2004, that the claimant's sarcoidosis was not limiting (Exhibit 21F:22).  With nothing more to corroborate the frequency and intensity of the claimant's alleged symptoms, the undersigned must conclude that her sarcoidosis does not significantly limit her physical or mental ability to do basic work activities and is therefore not severe.

Tr. 405.  The ALJ reliance on Dr. Steinberg and Dr. Barker, as noted above, provides substantial evidence to support his findings regarding Ms. Eckerle's sarcoidosis, and the court finds the ALJ properly reviewed the medical evidence.

### B.   *THE ALJ PROPERLY EVALUATED THE LAY WITNESS EVIDENCE*

Plaintiff argues the ALJ improperly rejected the statements offered by Christina Barger, Plaintiff's daughter, and Ms. Ford, Plaintiff's former employer.  Plaintiff's Opening Brief at 21-22.

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The ALJ can reject the testimony of lay witnesses only if s/he gives reasons germane to each witness whose testimony s/he rejects.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

On review, the court finds the ALJ reasonably considered the statements from the lay witnesses submitted in this matter.  In the context of evaluating the degree of limitations and Plaintiff's residual functional capacity, the ALJ wrote:

> Although it is clear that the claimant does have underlying medical conditions which could reasonably result in the pain and fatigue she alleges if she attempted to exceed her residual functional capacity as set forth below, she fails to convince the undersigned that she is so impaired that she cannot perform any kind of gainful work.  Indeed, the claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations.  According to written statements completed by the claimant (Exhibit 7E and 11 E), her husband (Exhibits 8E and 13E), her daughter (Exhibit 12E) and her friend (Exhibit 9E), she prepares meals for her family, sweeps, dusts, vacuums, does laundry and dishes, grocery shops, and drives a car occasionally.  She also likes to read, draw, paint, watch TV (including movies) for several hours per day, play games with her family, and to do puzzles, crafts, and sewing.  Finally,

she occasionally does woodworking and gardening, and can walk one block to her friend's house. The undersigned has also considered letters submitted on the claimant's behalf by various other witnesses. The claimant's former counselor wrote on November 30, 1991, that during four years of counseling she had made very significant progress, serving as an "inspiration" for other similarly-situated women (Exhibit 17E). The claimant's former supervisor at Advantage Rent-a-Car, wrote on January 24, 2002, describing the claimant's decline from formerly being able to do heavy lifting, and alleging that claimant "takes extreme time when doing her housework" (Exhibit 20E). Finally, the claimant's mother wrote on January 18, 2002 that the claimant had helped her out occasionally after she experienced a heart attack, but that the claimant does house work slowly. She also recalled that the claimant had cooked Christmas dinner for the family and was in pain after standing a few hours (Exhibit 21E) However, nothing in these letters suggest that the claimant is totally incapable of performing simple sedentary tasks. Thus considering the entire case record, the undersigned cannot find the allegations of the claimant and her witnesses concerning her inability to work to be sufficiently credible to serve as additive evidence to support a finding of disability.

Tr. 407-408.

It is clear that the ALJ took the lay witness statements into account when he considered the ultimate question of Ms. Ecekrle's disability. It is not clear that he rejected the statements in total, as suggested by Plaintiff, but rather, the ALJ appropriately weighed the statements in conjunction with his review of the medical evidence and the record as a whole. As discussed above, the ALJ properly considered the medical evidence and to the extent the lay witness statements are in conflict with that evaluation, the ALJ properly discredited the evidence.

C. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT MS. ECKERLE IS ABLE TO PERFORM OTHER WORK IN THE NATIONAL ECONOMY

Plaintiff argues the ALJ erred when he relied on the Vocational Expert's testimony. Plaintiff argues the Vocational Expert's testimony could not be relied upon because the ALJ's hypothetical posed to the expert failed to include all of plaintiff's limitations. Here the ALJ relied on the Vocational Expert's testimony to conclude: plaintiff retained the ability to work as a cafeteria cashier or a surveillance system monitor.

At step-five the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity. See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or

(b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

Plaintiff's allegation that the ALJ erred when he relied on the Vocational Expert's testimony is without merit. Plaintiff's argument is premised on the allegation that the ALJ failed to properly evaluate the medical evidence. As explained above, the ALJ did not err in his analysis of the medical evidence. The ALJ is not obligated to accept all of a claimant's proposed limitations, as long as the ALJ's findings are supported by substantial evidence. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Accordingly, the ALJ properly relied on the Vocational Expert's testimony.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 15, 2006**, as noted in the caption.

DATED this 25th day of May, 2006.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge